HARRY DENNY AND EDNA DENNY, PLAINTIFFS, v. HILL THEATRE, INCORPORATED, A CORPORATION, THERON KRUM AND BENJAMIN HARRIS, DEFENDANTS.

Submitted October 11, 1929—Decided March 13, 1930.

Before Justices TRENCHARD, LLOYD and CASE.

For the rule, *William Harris.*

*Contra, John W. McGeehan, Jr.*

PER CURIAM.

This is a rule to show cause obtained by the defendants upon the verdicts entered in favor of the plaintiffs Harry Denny (who was an infant when the suit was instituted but became of age before the trial) and Edna Denny, his mother, against the Hill Theatre, Incorporated, a corporation; Theron Krum and Benjamin Harris, as hereinafter more particularly set forth.

The action arose out of a violent assault alleged to have been committed upon Harry Denny while he was a member of the audience in the theatre of the Hill Theatre, Incorporated, by Theron Krum, a special officer employed by the theatre, and Benjamin Harris, an officer of the company. According to the testimony of Denny and an eye-witness, Bert Hyler, who accompanied him to the theatre, Harris stopped Denny and Hyler as they were going down the stairs, intending to leave the theatre after seeing a performance, and ordered them to go back the other way. A verbal discussion followed and then the defendant Harris called some woman and told her to get an officer, and the special officer arrived after Denny and Hyler had returned to their box on the order of Harris; that thereupon, when the officer arrived, Harris walked over and said, "here is the two wise guys now," and told them to get out of the theatre, and when he said that he grabbed Denny by the coat and when Denny started to get up, he grabbed Denny's hands behind his back and Denny tried to get away, and while Harris held Denny's hands behind him, thus preventing his running away or defending himself, the special officer hit Denny upon the head with a billy, Denny's hands still being held behind him by Harris while the blow was struck by Krum.

According to the defendants' testimony the blow was struck by the officer in an effort to defend himself, after he had been assaulted by Denny, and Harris was not present at all.

At the trial, the chief questions in dispute were: (1) Whether the plaintiff was assaulted as he alleged, there being contradictory evidence in this respect, and (2) whether or not his admittedly serious and permanent present condition

was a result of the blow upon the head received at the hands of the defendants. Upon this latter proposition, in addition to the evidence of the history of the progress of his head condition following the blow, plaintiffs produced medical experts, who testified in effect that Denny sustained a compound fracture of the skull and hemorrhages of the brain as the result of the blow, and that the injury to the brain producing the hemorrhages in question was the direct cause of his present condition, which is a traumatic encephalitis, or a partial destruction of various of the nerve centers of the brain, in other words, a deterioration of certain areas of the brain. As against this testimony, the defendants produced experts, who while in effect admitting that such condition could result from such a blow, testified that in their opinion in the present case it was not the result of the blow, but of an infection. The defendants, as we have stated, also sought to disprove the plaintiffs' evidence as to the manner of sustaining the blow in question, although admitting that he was struck upon the head with the billy in question, and upon the questions of fact thus presented, the jury found in favor of the plaintiffs.

Because of the nature of the case, involving as it did an obviously unusually severe resultant injury, and because of the involvement of punitive damages because of the nature of the alleged assault, the trial court exercised its right under rule 70 of the Practice act of 1912 (amended March, 1919), Supreme Court rule number 110, to request the jury to return answers to written questions embracing the disputed facts in issue and the amount of damages, and the questions and answers were duly returned and entered upon the minutes, and the court entered a general verdict based theron ·in favor of the plaintiff Harry Denny, and against the defendants, Theron Krum, Benjamin Harris and Hill Theatre, Incorporated, for the sum of fifty thousand ($50,000) dollars, being the amount of compensatory damages found by the jury in his favor, and the further sum of eight thousand five hundred ($8,500) dollars in favor of the plaintiff Harry Denny, and against the defendants Theron Krum and Benjamin Harris, being the amount of exemplary damages found by

the jury. There was also entered a general verdict in favor of Edna Denny against the three defendants in the sum of two thousand five hundred ($2,500) dollars.

The brief of the defendants is confined to three general grounds:

First, that the verdicts are contrary to the weight of the evidence, with respect to liability. Secondly, that it is particularly contrary to the weight of the evidence as to the defendant Harris, with respect to liability.

With respect to these two grounds it is sufficient to say that the verdicts rest upon matters of evidence that present plain questions of fact for the jury, and that the evidence upon which such verdicts rest amply supports them from the viewpoint of liability.

We find no contention that the verdict in favor of Edna Denny (the mother), against the three defendants is excessive, and certainly we cannot say that it is, and consequently that verdict may stand.

We find no serious contention, if any, that the verdict for the sum of $8,500 for exemplary damages in favor of the plaintiff Harry Denny and against the defendants Theron Krum and Benjamin Harris is excessive, and certainly we cannot say that it is, and consequently, that verdict may stand.

But with respect to the verdict of $50,000 in favor of the plaintiff Harry Denny and against the defendants Theron Krum, Benjamin Harris and Hill Theatre, Incorporated, for compensatory damages, it is argued that it is excessive, and we think that it is.

It will serve no useful purpose to review the evidence in detail. It is sufficient to say that our examination of it results in the conclusion that the limit of compensatory damages justified by the evidence in the case is the sum of thirty thousand ($30,000) dollars.

If the plaintiff will remit the excess of compensatory damages over that amount the rule will be discharged; if not, the verdict as to compensatory damages of Harry Denny will be set aside and a new trial awarded as to such compensatory damages only, the verdicts standing good in all other respects.